UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHN CRAIG MACFARLANE,          § <br>    a/k/a John Craig                             § <br>                                                      § <br>         Plaintiff,                                   § <br> v.                                                          § <br>                                                        § <br> JUSTICE W. KENNETH LAW,              § <br>                                                        § <br>         Defendant.                                § | CIVIL ACTION NO. <br><br> SA-08-CV-0162 FB |

**MEMORANDUM AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO DISMISS**

**TO:   Hon. Fred Biery
       United States District Judge**

      This memorandum and recommendation addresses the motion to dismiss pending in this case.[1] I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion and the pleadings in this case, I recommend dismissing the case.

      Plaintiff John Craig MacFarlane filed a complaint naming Chief Justice W. Kenneth Law of the Texas Third Court of Appeals as defendant. In the complaint, MacFarlane identified himself as "John Craig" and referred to the "trust organizations and legal names" of John C. MacFarlane, and

---

[1] Docket entry # 4.

[2] Docket entry # 3.

John Craig MacFarlane, Jr.  MacFarlane's previous bankruptcy filings refer to these same names.[3] Because the papers attached to the complaint refer to John Craig MacFarlane, Jr., I have styled this case using that name instead of the name reflected in the caption of the complaint.

In his complaint, MacFarlane complains about the dismissal of his appeal of a state court judgment.  MacFarlane attached a copy of the dismissal order to his complaint.  The dismissal order indicates that the underlying lawsuit was brought by GRP/AG 2005-1, LLC and GRP Financial Services.  GRP Financial Services was a named creditor in one of MacFarlane's bankruptcy proceedings.  The complaint is fairly nonsensical, but it clearly complains about acts Justice Law took as a judicial officer.

Justice Law asks the district court to dismiss this lawsuit under Rule 12(b)(6) of the Federal Rules of Civil Procedure on grounds of judicial immunity.  Justice Law maintains that he is entitled to judicial immunity because the actions MacFarlane complains about fell within the scope of his duties as a justice for a state court of appeals.

"Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages."[4]  A plaintiff can overcome judicial immunity in two circumstances:  (1) "a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity;"[5] and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."[6]  A complaint suing a judge for actions taken as a judicial

---

[3]*See* SA-05-BK-51056 & SA-05-BK-53746.

[4]*Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).

[5]*Mireles v. Waco*, 502 U.S. 9, 11 (1991).

[6]*Mireles*, 502 U.S. at 12.

officer fails to state a claim upon which relief may be granted because judicial immunity protects the judge from suit.

There are three reasons MacFarlane cannot overcome judicial immunity in this case. First, MacFarlane failed to respond to Justice Law's motion. By failing to do so, MacFarlane failed to advance an argument negating the applicability of judicial immunity. Second, MacFarlane complains about actions Justice Law took in his capacity as a judicial officer. MacFarlane complains that Justice Law "posed as a judge for the state circuit court in appeal" and "ruled biased to the Bank" (probably, GRP Financial Services). These actions fall within Justice Law's duties as a judicial officer. Third, the papers attached to the complaint indicate that Justice Law had jurisdiction over the appeal because MacFarlane complains about a judgment from the County Court of Law of Comal County, Texas. Texas's Third Court of Appeals District has jurisdiction over appeals from courts in Comal County.[7] As a justice for the Third Court of Appeals, Justice Law had jurisdiction to determine the disposition of MacFarlane's appeal. Justice Law is entitled to judicial immunity. Consequently, MacFarlane has failed to state a claim upon which relief may be granted because Justice Law is immune from suit.

### Recommendation

Because Justice Law is immune from suit, the district court should GRANT the motion to dismiss (docket entry # 4) and DISMISS MacFarlane's this lawsuit.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by

---

[7]*See* Tex. Gov't Code § 22.201(d).

attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[8]  **Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[9]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[10]

    **SIGNED** on March 24, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[8] 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

[9] *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[10] *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).